UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CA, INC. and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED,<br><br>*Plaintiffs*,<br><br>v.<br><br>NETFLIX, INC.,<br><br>*Defendant*. | NO. 2:21–CV–80–JRG–RSP<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**MOTION TO QUASH SUBPOENAS TO BROADCOM EXECUTIVES AND
MOTION FOR PROTECTIVE ORDER**

Plaintiffs CA, Inc. and Avago Technologies International Sales Pte. Limited ("Plaintiffs") and non-parties Scott McGregor, Daniel A. Marotta, and Greg Fischer (collectively, the "Executives," and collectively with Plaintiffs, "Movants") file this motion to quash and motion for protective order. For the reasons explained below, the Court should (1) quash the subpoenas to Messrs. McGregor, Marotta, and Fischer and (2) grant a protective order to Movants.[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

On November 5, 2021—without conferring with Movants regarding their availability—Netflix served notices of subpoenas and deposition notices for the depositions of the Executives, three former high-level executives of Broadcom Corp., the predecessor to Plaintiffs' ultimate parent corporation, Broadcom Inc.,[2] to occur in the days immediately preceding and following the

---

[1] The subpoenas to Messrs. McGregor, Marotta, and Fischer are attached to this Motion as Exhibit A.

[2] As of November 19, 2021, Broadcom, Inc., a publicly traded corporation, had a market capitalization of $234.09 billion. As reported in its Annual Report, Broadcom and its subsidiaries employed approximately 21,000 employees worldwide on November 1, 2020. *See* 2020 Broadcom Annual Report, Form 10-K, at 11.

– 1 –

Thanksgiving holiday. The table below sets forth the Executives' relevant title and the date for which Netflix unilaterally set their depositions:

| Scott McGregor | Former Broadcom Chief Executive Officer | Nov. 24, 2021 |
| --- | --- | --- |
| Daniel A. Marotta | Former Executive Vice President and General Manager of the Broadcom's Broadband and Connectivity Group | Nov. 23, 2021 |
| Greg Fischer | Former Senior Vice President and General Manager, Broadcom's Broadband Carrier Access Products Division | Nov. 29, 2021 |

Importantly, the Executives do not have any knowledge regarding the issues that are in dispute in this litigation. None of the chips that their respective groups developed and marketed practices the accused technology. Instead, it appears as though Netflix wants to depose the Executives as part of its effort to argue that Plaintiffs would have dealt favorably with Netflix at the hypothetical negotiation because the existence of Netflix allegedly increased consumer demand for chips generally. That issue, however, is encompassed in Netflix's Rule 30(b)(6) topics, and thus, the depositions of the Executives are not necessary for Netflix to obtain testimony regarding that issue.

Netflix previously moved to compel Plaintiffs to produce detailed financial information concerning Broadcom's chip sales. [ECF 143]. Through that motion, Netflix sought potentially hundreds of thousands of Broadcom documents relating to hundreds if not thousands of chip models. [ECF 152], at Ex. A ¶ 6. The Court heard argument on Netflix's motion on November 17 and ruled that Netflix was not entitled to the detailed discovery it sought by its motion. Instead, the Court ruled that the Parties were to meet and confer on limited high-level financial information for semiconductor chips for set-top and over-the-top products. *See, e.g.*, Order of Nov. 24, 2021, at 4 [ECF 178]; Transcript of Nov. 17, 2021 Hearing, at 52:1-8.

Plaintiffs have already produced detailed financial information for its set-top-box chips, and in light of the Court's ruling, are currently preparing to produce high-level financial information for

– 2 –

the chips from Broadcom's Wireless Communication and Connectivity (WCC) business, which includes chips for OTT devices. And they have designated current Broadcom executives Rich Nelson and Mark Gonikberg to provide testimony as to the non-objectionable scope of Netflix's Rule 30(b)(6) topics directed to Broadcom's Broadband Video Group (BVG)[3] and WCC business unit sales. Messrs. Nelson and Gonikberg have both been with Broadcom for over twenty years, and they are the heads of the BVG and WCC business units, respectively. Because Plaintiffs have agreed to produce these current Broadcom witnesses for deposition, the Court should quash the subpoenas for the Executives.

## II.  ARGUMENTS AND AUTHORITIES

### A.  Legal Standard

The Court may issue a protective order precluding or limiting a deposition when justice requires the protection of "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In deciding whether to grant a motion for a protective order, the court has significant discretion. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985). Where a party seeks to subpoena a non-party witness, the Court must ensure that the subpoena does not impose "undue burden or expense" on the non-party witness. Fed. R. Civ. P. 45(d)(1); *see also* Fed. R. Civ. P. 45(d)(3)(A)(iv) ("On timely motion, the court . . . must quash or modify a subpoena that . . . subjects a person to undue burden.").

Further, under the so-called "apex doctrine," where a party seeks to depose a high-level executive, the court should consider whether the executive has unique or superior knowledge of discoverable information. *See Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 128 (Tex. 1995). If not, the court should first require the party to obtain the necessary discovery through less-intrusive methods. *See id.* In accordance with these principles, the Fifth Circuit has recognized that courts should

---

[3] The Broadcom BVG includes the set-top-box (STB) sales that formed the basis of Plaintiffs' now-dropped lost-profits claim.

not allow a party to depose a high-level executive before the party deposes lower-level employees that have more familiarity with the facts of the case. *Salter v. Upjohn Co.*, 593 F.2d 649, 650 (5th Cir. 1979); *see also Stephens v. Big Spring Herald, Inc.*, 2020 WL 11577890, at *2 (N.D. Tex. Aug. 19, 2020) ("Where a party seeks to take the deposition of a high-level, or apex, executive, the Fifth Circuit 'has recognized the need for first utilizing less-intrusive means before taking such a deposition, by way of deposing lesser-ranking employees." (cleaned up)). "Should alternative discovery methods prove inadequate, the court may revisit the issue to determine whether the deposition of a high-ranking executive remains necessary." *Robinson v. Nexion Health at Terrell, Inc.*, 2014 WL 12915533, at *2 (N.D. Tex. Apr. 16, 2014).

**B.     The Court should quash the subpoenas and notices and issue an order of protection.**

> *1.     Netflix failed to confer with Movants before scheduling the depositions and has not even asserted that the Executives have relevant knowledge.*

As an initial matter, the Court should quash the depositions and issue an order of protection because Netflix improperly noticed the depositions. Noticing the deposition to occur in the days immediately preceding and following the Thanksgiving holiday undoubtedly create annoyance, oppression, and undue burden and expenses for Movants. Fed. R. Civ. P. 26(c). Movants are not parties to this action, and indeed are not even employees of any party to the action.

Netflix's harassment of Plaintiffs through the service of subpoenas to the Executives is manifest. Specifically, Netflix served its Initial Disclosures on August 5, 2021. In that document, Netflix identified the persons it contended "may have knowledge of facts relevant to a claim or defense asserted by any party." Netflix did not identify any of the Executives in Initial Disclosures. In fact, Netflix served Amended Initial Disclosures on November 15 — ten days *after* serving its subpoenas to the Executives — but still did not identify the Executives as having relevant knowledge. Netflix's Amended Initial Disclosures list some **102 persons** as allegedly having relevant information. Its failure to include the Executives, whom it had already subpoenaed, is telling.

      2.      *The Executives do not have personal knowledge relevant to this dispute, and Netflix should first attempt to secure any relevant evidence through less intrusive means.*

Even assuming that Netflix has acted properly in noticing the depositions, however, the Court should still quash the depositions and issue an order of protection for at least two reasons.

*First*—and most fundamentally—the Executives do not have any knowledge regarding this litigation. Again, the chips that their groups developed and marketed do not practice the accused technology. Nor has the existence of Netflix driven the design or sale of any Broadcom chips. *See* Response to Netflix Motion to Compel Financial Information, at Ex. a ¶ 8 [ECF 152]. Given the lack of relevant information known by these individuals, there is no need to depose them. *See, e.g.*, *Gauthier v. Union Pac. R.R. Co.*, 2008 WL 2467016, at *3 (E.D. Tex. June 18, 2008) (noting that the party seeking the discovery bears the burden to establish its relevancy); *Stephens*, 2020 WL 11577890, at *2 ("A district court may act to delay or prevent the taking of an apex deposition where the court finds that the executive lacks information that is relevant to the opposing party's claims or defenses.").

*Second*, even if the Executives possess relevant information, any such knowledge is not unique, and therefore Netflix must first attempt to obtain that information from less-intrusive means. *See, e.g.*, *Comput. Acceleration Corp. v. Microsoft Corp.*, 2007 WL 7684605, at *1 (E.D. Tex. June 15, 2007) (refusing to permit the deposition of Microsoft's Bill Gates because, even if he had personal knowledge, it was not unique or unavailable from lower-level employees); *Robinson*, 2014 WL 12915533, at *2 (president and CEO of company did not possesses "unique personal knowledge" and therefore "Plaintiffs must first utilize less intrusive means before taking his apex deposition"). In fact, the Eastern District has previously decided this very issue. In *Gauthier*, this Court determined that a party could not depose current and former executives until it first deposed the corporate representative. 2008 WL 2467016, at *4 ("Plaintiffs should first attempt to obtain the sought information through the less burdensome means of discovery described herein, including the Rule 30(b)(6) corporate deposition."). Here, Netflix has already noticed a Rule 30(b)(6) deposition. But rather than attempt to obtain their requested

– 5 –

information through that deposition, Netflix has also sought to depose high-level executives in contravention of this Court's authority.

Accordingly, the Court should quash the depositions and issue an order of protection for the Movants.

### III.  CONCLUSION AND PRAYER

For the foregoing reasons, the Movants request that the Court quash the subpoenas and enter a protective order preventing Netflix from deposing Scott McGregor, Greg Fischer, and Daniel Marotta.

Date: December 1, 2021

| | |
|---|---|
| Samuel F. Baxter<br> State Bar No. 01938000<br> sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br> State Bar No. 24012906<br> jtruelove@mckoolsmith.com<br><br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street, Suite 300<br>Marshall, Texas 75670<br>903.923.9000<br>903.923.9099 (fax)<br><br>Deron R. Dacus<br> State Bar No. 00790553<br> ddacus@dacusfirm.com<br>**THE DACUS FIRM, P.C.**<br>821 ESE Loop 323, Suite 430<br>Tyler, Texas 75701<br>903.705.1117<br><br>ATTORNEYS FOR PLAINTIFFS CA, INC. and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED, | Respectfully submitted,<br><br>*/s/ Richard L. Wynne, Jr.*<br>Bruce S. Sostek, Attorney-in-Charge<br> State Bar No. 18855700<br> bruce.sostek@hklaw.com<br>Richard L. Wynne, Jr.<br> State Bar No. 24003214<br> richard.wynne@hklaw.com<br>Adrienne E. Dominguez<br> State Bar No. 00793630<br> adrienne.dominguez@hklaw.com<br>Austin Teng<br> State Bar No. 24093247<br> austin.teng@hklaw.com<br><br>**HOLLAND & KNIGHT LLP**<br>One Arts Plaza<br>1722 Routh Street, Suite 1500<br>Dallas, Texas 75201<br>214.969.1700<br>214.969.1751 (fax)<br><br>ATTORNEYS FOR PLAINTIFFS CA, INC. and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED,<br><br>and<br><br>MOVANTS SCOTT MCGREGOR, DANIEL A. MAROTTA, AND GREG FISCHER |

**CERTIFICATE OF CONFERENCE**

The undersigned counsel hereby certifies that notice of this motion was provided to counsel, and the parties had a personal meet-and-confer on November 29, 2021. During the meet-and-confer, Netflix refused to withdraw its subpoenas to the Executives. At most, Netflix stated that it was willing to "hold in abeyance" the deposition of former Broadcom CEO Scott McGregor but not the other depositions. Because agreement could not be reached, Movants file this motion to quash and for protection.

*s/ Richard L. Wynne, Jr.*
Richard L. Wynne, Jr.


*s/ Jennifer Truelove*
Jennifer Truelove

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed via the Court's ECF system on December 1, 2021, and therefore served on all counsel of record.

*/s/ Richard L. Wynne, Jr.*
Richard L. Wynne, Jr.