UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., <br>     Plaintiff, <br> v. <br> CA, INC., et al., <br>     Defendants. <br><br> CA INC, et al., <br>     Plaintiffs, <br> v. <br> NETFLIX INC, <br>     Defendant. | Case No. 21-cv-03649-EMC <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO STAY PENDING *INTER PARTES* REVIEW** <br><br> Docket No. 51 <br><br> **RELATED TO** <br><br> Case No. 22-cv-00373-EMC |

    Currently pending before the Court is Netflix's motion to stay proceedings in two related cases. The higher-numbered case is the patent infringement case filed by CA/Avago; the lower-numbered case the declaratory judgment case filed by Netflix. Although the patent infringement case is the higher-numbered case, it was filed before the declaratory judgment case. In the pending motion, Netflix asks the Court to stay proceedings in both cases pending *inter partes* review ("IPR"). The PTAB has instituted IPR for four out of the five patents at issue. A decision on those patents is expected by February 2023. For the fifth patent, Netflix filed for IPR in January 2022 and a decision on whether IPR will be instituted is expected in approximately six months.

    Having considered the parties' briefs and accompanying submissions, the Court hereby finds the matter suitable for disposition without oral argument. The hearing on Netflix's motion to

1  stay is **VACATED**, and the motion **GRANTED**.

2  There is no dispute that "[c]ourts traditionally consider three main factors in determining whether to stay a case pending the conclusion of IPR proceedings: '(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.'" *Trusted Knight Corp. v. Int'l Bus. Machines Corp.*, No. 19-CV-01206-EMC, 2020 WL 5107611, at *1 (N.D. Cal. Aug. 31, 2020). On balance, these factors weigh in favor of a stay in the instant case.

For example, on (1), the Court acknowledges that there has been a fair amount of discovery conducted in this case and that, before the patent infringement case was transferred to this Court in January 2022, trial had been set for April 2022 in Texas. However, the Court views the trial date set by the Texas court as somewhat unusual – *i.e.*, the patent infringement case was only filed back in March 2021; thus, the Texas court put the case on a fast track for the trial to take place by April 2022. Furthermore, as a practical matter, the patent infringement case is now before this Court, and there is a significant amount of litigation that still remains, including more discovery and claim construction (because Netflix has objected to the Texas magistrate judge's claim construction ruling). This Court has yet to set a new trial date.

On (2), a stay is likely to simplify matters in this case. IPR has been instituted for four out of the five patents, and the remaining patent (for which Netflix has filed for IPR) appears to be related to at least one of the other four patents. *See* Mot. at 5 (noting that CA/Avago "disclosed a single technical expert to address both the '938 and '419 patents"). That some or even all claims may survive IPR and/or that IPR will not address all invalidity issues does not negate efficiencies from a stay. *See Trusted Knight*, 2020 WL 5107611, at *3 (noting that, "even if the IPR proceedings do ;not result in any cancelled or modified claims, this [C]ourt will receive the benefit of the PTO's expertise and guidance on these claims'[;] [i]n addition, the case will be simplified because IBM would be barred from raising any arguments it raised or could have raised in the PTO proceeding").

Finally, on (3), *i.e.*, the Court is not persuaded that a stay would unduly prejudice or

tactically disadvantage CA/Avago. *See id.* (stating that courts assess four subfactors here: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties") (internal quotation marks omitted)). Netflix filed for IPR within a few months after the patent infringement case was filed (and understandably after CA/Avago had provided their infringement contentions). In addition, it was reasonable for Netflix to wait until after IPR had been instituted (in February 2022) before moving this Court for a stay (in March 2022). Staying the case pending the PTAB's IPR decision for four out of the five patents could result in a stay of proceedings through February 2023. However, given that the patent case was initiated in March 2021, that delay is not unduly burdensome. Moreover, "'[c]ourts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay,' and thus, the 'delay inherent in the reexamination process does not constitute, by itself, undue prejudice.'" *Id.* at \*5. Finally, CA/Avago admit that they are not competitors with Netflix, and they do not dispute Netflix's assertion that they "have abandoned any claim for injunctive relief or lost profits" and that "they have no practicing products." Mot. at 16.

For the foregoing reasons, the Court grants Netflix's motion to stay. As a placeholder, the Court sets a status conference for February 7, 2023. If the PTAB issues its IPR decision on the four patents earlier than this date, then the parties may move the Court to advance the status conference date. The parties shall file a joint status conference statement within one week prior to the conference.

This order disposes of Docket No. 51 in No. C-21-3649 EMC.

**IT IS SO ORDERED**.

Dated: March 30, 2022

_____
EDWARD M. CHEN
United States District Judge