Alan P. Block (SBN 143783)
McKool Smith, P.C.
300 South Grand Avenue
Ste 2900
Los Angeles, CA 90071
Phone: 213-694-1054
Fax: 213-694-1234
Email: ablock@mckoolsmith.com

Attorneys for Non-Parties
BROADCOM, INC. and VMWARE, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CA, INC. AND AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>NETFLIX, INC,<br><br>Defendant. | Case No. 3:22-cv-00373-EMC<br><br>**ADMINISTRATIVE MOTION BY NONPARTIES BROADCOM INC. AND VMWARE, LLC TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge: Hon. Edward M. Chen |

Pursuant to Civil Local Rules 3-12 and 7-11, nonparties Broadcom Inc. and VMware, LLC, who are Defendants in the recently filed action, *Netflix, Inc. v. Broadcom Inc. et al.*, Case No. 5-24-cv-09324 (N.D. Cal.) (the "2024 Case") (collectively, the "VMware Defendants") hereby file this Administrative Motion to consider whether the 2024 Case should be related to this case, which was filed by Broadcom subsidiaries CA, Inc. and Avago Technologies International Sales Pte. Limited (collectively, the "Broadcom Subsidiaries") against Netflix, Inc. (the "Lowest Numbered Case").[1]

## I. BACKGROUND

The Lowest Numbered Case is an action for patent infringement that was originally filed on March 9, 2021 in the United States District Court for the Eastern District of Texas (civil action number 2:21-cv-00080-JRG-RSP), transferred to this District on January 19, 2022, and assigned to Your Honor. There are five patents-in-suit in the Lowest Numbered Case: U.S. Patent Nos. 7,103,794; 8,646,014; 8,656,419; 9,402,098; and 10,911,938. On March 30, 2022, the Court ordered, pursuant to a stipulation, that the Lowest Numbered Case be stayed pending inter partes review proceedings regarding the patents-in-suit. (Lowest Numbered Case, Dkt. 270.)

Another related action in this district, *Netflix, Inc. v. CA, Inc. d/b/a CA Technologies et al.*, No. 3:21-cv-03649 (N.D. Cal.), filed May 14, 2021, is a mirror-image declaratory judgment action regarding the same patents as the Lowest Numbered Case. It was related to the Lowest Numbered Case following the Lowest Numbered Case's transfer to this District. *Netflix*, No. 3:21-cv-03649, ECF No. 40 (N.D. Cal. Jan. 31, 2022).

On November 25, 2024, Netflix acquired five U.S. Patents 7,779,424; 7,797,707; 8,185,893; 8,799,891; and 8,863,122 (the "Purchased Patents"). Ex. A. Less than one month later, on December 23, 2024, Netflix filed the 2024 Case against the Broadcom Subsidiaries' parent company Broadcom Inc., and another Broadcom subsidiary, VMware LLC, claiming infringement of the Purchased Patents by Broadcom and VMware. The 2024 Case was assigned to District Judge P. Casey Pitts. (2024 Case, Dkt. 17.) The VMware Defendants have not yet responded to the complaint in the 2024 Action. The current deadline for responding is March 3, 2025, and an initial case

---

[1] The VMware Defendants' undersigned counsel requested Netflix's position on this motion. Netflix's counsel in the 2024 Case indicated that Netflix did not agree that the cases should be related.

-1-   ADMIN. MOT. TO CONSIDER WHETHER CASES RELATED
CASE NO. 3:22-CV-00373

management conference is currently set for March 25, 2025. All cases involve patents covering various software-related technologies.

## II. THE LOWEST NUMBERED CASE AND THE 2024 CASE ARE RELATED ACTIONS

Civil Local Rule 3-12(a) states:

**(a) Definition of Related Cases.** An action is related to another when:

> (1) The actions concern substantially the same parties, property, transaction or event; and

> (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

The Lowest Numbered Case and the 2024 Case meet both prongs of Civil Local Rule 3-12(a). First, both cases "concern substantially the same parties," because both are disputes between Netflix and one or more members of the Broadcom family of companies. And the 2024 Case is clearly a retaliatory action by Netflix seeking to gain leverage in order to blunt the impact of its own infringement of patents owned by multiple Broadcom entities. After Netflix was sued by Broadcom's subsidiaries in the Lowest Numbered Case, Netflix purchased patents and sued other Broadcom entities for patent infringement.

In addition to the Lowest Numbered Case, there is another patent infringement case involving Netflix and a Broadcom entity, specifically, *Broadcom Corporation et al. v. Netflix, Inc.*, No. 3:20-cv-04677-JD (the "Broadcom Case"). The Broadcom Case has been pending before Judge Donato since July 14, 2020 and is scheduled to go to trial on June 2, 2025. Thus, absent relation of the 2024 Case to the Lowest Numbered Case, there will be ***three patent disputes*** between Netflix and the Broadcom family of companies before ***three different judges***, which is plainly inefficient. Substantial efficiencies can be gained by relating the newly filed 2024 Case to one of the earlier cases in view of the overlap in the parties. And given that the Lowest Numbered Case is currently stayed, whereas the Broadcom Case is set for trial in a few months, there are far greater efficiencies to be gained by relating the 2024 Case to the Lowest Numbered Case.[2]

---

[2] In addition, VMware, LLC is a subsidiary of CA, Inc., which is further reason the 2024 Case is more closely related to the Lowest Numbered Case than the Broadcom Case.

1     Second, absent relation of the cases there would likely be "an unduly burdensome
2 duplication of labor and expense" and a risk of "conflicting results." Although the two cases involve
3 different sets of patents and accused products, both are patent infringement suits involving Netflix
4 and one or more Broadcom entities, and will likely involve overlapping discovery, including, for
5 example, pertaining to patent damages. Such discovery will likely include confidential information
6 concerning the parties' intellectual property licensing practices, comparable licenses, and sensitive
7 financial information.
8     Duplicative discovery of such confidential information across two matters is inefficient,
9 increases costs, and also raises the risk of inconsistent treatment of such information. For example,
10 absent relation the parties will have to comply with two separate protective orders covering the same
11 information, including likely third-party confidential information. By contrast, a common
12 protective order issued by the same Court minimizes costs and the risk to both the parties' and non-
13 parties' confidential information.
14     In addition, there could be unduly burdensome duplication of expenses and efforts by the
15 respective Courts given the likelihood that: i) at least some of the same witnesses will testify in both
16 cases; and ii) at least some of the same documents will be discoverable in both cases. Thus, it is far
17 more efficient for the Court and the parties if the same judge presides over both cases, Similarly,
18 relating the cases also minimizes the risk of conflicting decisions. Specifically, if the two cases
19 remain assigned to different judges, two Courts may unnecessarily have to conduct the same (or
20 very similar) analyses on issues relating to, for example, discovery, damages, and *Daubert* motions,
21 and there would be a significant risk of conflicting results.
22     Accordingly, as required under Civil Local Rule 3-12(b), the VMware Defendants
23 respectfully request that the Court consider that this Lowest Numbered Case is related to the 2024
24 Case.

Date: February 24, 2025

Respectfully Submitted,

/s/ *Alan P. Block*

Alan P. Block (SBN 143783)
McKool Smith, P.C.
300 South Grand Avenue
Ste 2900
Los Angeles, CA 90071
Phone: 213-694-1054
Fax: 213-694-1234
Email: ablock@mckoolsmith.com

Christopher McNett (SBN 298893)
McKool Smith, P.C.
1717 K St NW, Suite 1000
Washington, DC 20006
Phone: (202) 370-8300
Fax: (202) 370-8344
Email: cmcnett@mckoolsmith.com
Attorneys for Broadcom, Inc. and VMware, LLC

**Proof of Service of Electronic Filing**

I hereby certify that on February 24, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the Electronic Service List for this case.

                                                                    */s/ Alan P. Block*
                                                                    Alan P. Block

# EXHIBIT A

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1  
Stylesheet Version v1.2  
Assignment ID: PATI738194

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT |

### CONVEYING PARTY DATA

| Name | Execution Date |
|---|---|
| Regional Resources Limited | 11/25/2024 |

### RECEIVING PARTY DATA

| Company Name: | Netflix, Inc. |
|---|---|
| Street Address: | 100 Winchester Circle |
| City: | Los Gatos |
| State/Country: | CALIFORNIA |
| Postal Code: | 95032 |

### PROPERTY NUMBERS Total: 14

| Property Type | Number |
|---|---|
| Patent Number: | 7313102 |
| Patent Number: | 8315865 |
| Patent Number: | 8335785 |
| Patent Number: | 8799891 |
| Patent Number: | 7797707 |
| Patent Number: | 7779424 |
| Patent Number: | 7761444 |
| Patent Number: | 8185893 |
| Patent Number: | 9189523 |
| Patent Number: | 8566332 |
| Patent Number: | 8863122 |
| Patent Number: | 8443365 |
| Patent Number: | 8910152 |
| Patent Number: | 10331472 |

### CORRESPONDENCE DATA

**Fax Number:**

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| Phone: | 8018673327 |
|---|---|
| Email: | jonathan.lee@gtlaw.com |

508956074

PATENT  
REEL: 069838 FRAME: 0271

| | |
|---|---|
| **Correspondent Name:** | Jonathan Lee |
| **Address Line 1:** | 77 West Wacker Drive, Suite 3100 |
| **Address Line 4:** | Chicago, ILLINOIS 60601 |
| **NAME OF SUBMITTER:** | Jonathan Lee |
| **SIGNATURE:** | Jonathan Lee |
| **DATE SIGNED:** | 01/07/2025 |

**Total Attachments: 4**
source=Assignment of Patent Rights - Regional Resources Limited#page1.tiff
source=Assignment of Patent Rights - Regional Resources Limited#page2.tiff
source=Assignment of Patent Rights - Regional Resources Limited#page3.tiff
source=Assignment of Patent Rights - Regional Resources Limited#page4.tiff

*Exhibit B*

# EXHIBIT B – ASSIGNMENT OF PATENT RIGHTS BY CURRENT PATENT OWNER REGIONAL RESOURCES LIMITED

For good and valuable consideration, the receipt of which is hereby acknowledged, Regional Resources Limited, a British Virgin Islands company having its registered address at c/o Trident Trust Company (B.V.I.) Limited, Trident Chambers, P.O. Box 146, Road Town, Tortola, British Virgin Islands ("*Assignor*"), does hereby sell, assign, transfer and convey unto Netflix, Inc., a corporation, with an office at 100 Winchester Circle, Los Gatos, California 95032 ("*Assignee*"), or its designees, all right, title and interest that exist today and may exist in the future in and to any and all of the following (collectively, the "*Patent Rights*"):

(a) the provisional patent applications, patent applications and patents listed in the table below (the "*Assigned Patents*");

| Country | Patent or Appl. No. | Filing Date | Title of Patent |
| --- | --- | --- | --- |
| US | US7313102B2 | 2003-03-17 | System and method for subnet configuration and selection |
| US | US8315865B2 | 2004-05-04 | Method and apparatus for adaptive conversation detection employing minimal computation |
| US | US8335785B2 | 2004-09-28 | Ranking results for network search query |
| US | US8799891B2 | 2005-03-02 | System and method for attributing CPU usage of a virtual machine monitor to a corresponding virtual machine |
| US | US7797707B2 | 2005-03-02 | System and method for attributing to a corresponding virtual machine CPU usage of a domain in which a shared resource's device driver resides |
| US | US7779424B2 | 2005-03-02 | System and method for attributing to a corresponding virtual machine CPU usage of an isolated driver domain in which a shared resource's device driver resides |
| US | US7761444B2 | 2006-10-05 | Identifying a sequence of blocks of data to retrieve based on a query |
| US | US8185893B2 | 2006-10-27 | Starting up at least one virtual machine in a physical machine by a load balancer |
| US | US9189523B2 | 2008-09-30 | Predicting performance of multiple queries executing in a database |
| US | US8566332B2 | 2009-03-02 | Populating variable content slots on web pages |
| US | US8863122B2 | 2009-07-31 | Remote control of a plurality of virtual machines using actions facilitated through a graphic user interface |
| US | US8443365B2 | 2010-11-03 | Methods and systems to clone a virtual machine instance |
| US | US8910152B1 | 2008-09-23 | Migrating a virtual machine by using a hot-plug event |
| US | US10331472B2 | 2014-08-29 | Virtual machine service availability |

(b) patents and patent applications (i) to which any of the Assigned Patents directly or indirectly claims priority, or (ii) for which any of the Assigned Patents directly or indirectly forms a basis for priority;

(c) all reissues, results of reexaminations, extensions, continuations, continuations-in-part, continuing prosecution applications, requests for continuing examinations, divisions, registrations of any item in any of the foregoing categories (a) and (b);

Exhibit B-1

**PATENT**
**REEL: 069838 FRAME: 0273**

*Exhibit B*

(d) all foreign patents, patent applications or counterparts relating to any item in any of the foregoing categories (a) through (c), including certificates of invention, utility models, industrial design protection, design patent protection or other governmental grants or issuances;

(e) all items in any of the foregoing in categories (b) through (d), whether or not expressly listed as Assigned Patents above and whether or not claims in any of the foregoing have been rejected, withdrawn, canceled or the like;

(f) inventions, invention disclosures or discoveries described in any of the Assigned Patents or any item in the foregoing categories (b) through (e) that (i) are included in any claim in the Assigned Patents or any item in the foregoing categories (b) through (e), (ii) are subject matter capable of being reduced to a patent claim in a reissue or reexamination proceeding brought on any of the Assigned Patents or any item in the foregoing categories (b) through (e), or (iii) could have been included as a claim in any of the Assigned Patents or any item in the foregoing categories (b) through (e);

(g) all rights to apply in any or all countries of the world for patents, certificates of invention, utility models, industrial design protections, design patent protections or other governmental grants or issuances of any type related to any item in any of the foregoing categories (a) through (f), including under the Paris Convention for the Protection of Industrial Property, the International Patent Cooperation Treaty, or any other convention, treaty, agreement or understanding;

(h) all causes of action (whether known or unknown or whether currently pending, filed, or otherwise) and other enforcement rights under, or on account of, any of the Assigned Patents or any item in any of the foregoing categories (b) through (g), including all causes of action and other enforcement rights for (i) damages, (ii) injunctive relief, and (iii) any other remedies of any kind, in each case, for past, current or future infringement; and

(i) all rights to collect royalties and other payments under or on account of any of the Assigned Patents or any item in any of the foregoing categories (b) through (h).

Assignor represents, warrants and covenants that, to the best of Seller's knowledge:

(1) Assignor has the full power and authority, and represents and warrants that no third-party consents, approvals, or other authorizations are required, to enter into this Agreement and to carry out its obligations hereunder, including the assignment of the Patent Rights to Assignee; and

(2) Assignor owns, and by this document assigns to Assignee, all right, title and interest to the Patent Rights, including all right, title and interest to sue for past, present and future infringement of the Patent Rights. Assignor has obtained and properly recorded previously executed assignments for the Patent Rights as necessary to fully perfect its rights and title therein in accordance with governing law and regulations in each respective jurisdiction. The Patent Rights are free and clear of all liens, claims, mortgages, security interests or other encumbrances, and restrictions. There are no actions, suits, investigations, claims or proceedings threatened, pending or in progress relating in any way to the Patent Rights. There are no existing

*Exhibit B*

contracts, agreements, options, commitments, proposals, bids, offers or rights with, to, or in any person to acquire any of the Patent Rights.

Assignor hereby authorizes the respective patent office or governmental agency in each jurisdiction to issue any and all patents, certificates of invention, utility models or other governmental grants or issuances that may be granted upon any of the Patent Rights in the name of Assignee, as the assignee to the entire interest therein.

Assignor will, at the reasonable request of Assignee, do all things necessary including the execution, acknowledgment and recordation of specific assignments, oaths, declarations or other documents on a country-by-country basis, to assist Assignee in obtaining, perfecting, sustaining or enforcing the Patent Rights.

The terms and conditions of this Assignment of Patent Rights will inure to the benefit of Assignee, its successors, assigns and other legal representatives and will be binding upon Assignor, its successors, assigns and other legal representatives.

IN WITNESS WHEREOF this Assignment of Patent Rights is executed at Hangzhou, China on November 25, 2024.

**ASSIGNOR:**

Regional Resources Limited

By: *KE Xiaopeng*

Name: KE XIAOPENG

Title: Authorized Representative
*(Signature MUST be attested)*

### ATTESTATION OF SIGNATURE PURSUANT TO 28 U.S.C. § 1746

The undersigned witnessed the signature of KE XIAOPENG to the above Assignment of Patent Rights on behalf of Regional Resources Limited and makes the following statements:

1. I am over the age of 18 and competent to testify as to the facts in this Attestation block if called upon to do so.

2. KE XIAOPENG is personally known to me (or proved to me based on satisfactory evidence) and appeared before me on NOVEMBER 25, 2024 to execute the above Assignment of Patent Rights on behalf of Regional Resources Limited.

3. KE XIAOPENG subscribed to the above Assignment of Patent Rights on behalf of Regional Resources Limited.

*Exhibit B*

I declare under penalty of perjury under the laws of the United States of America that the statements made in the three (3) numbered paragraphs immediately above are true and correct.

EXECUTED on <u>November 25, 2024</u> (date)

*Deng Rong*
_____

Print Name:  DENG RONG

Exhibit B-4